IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VINAY YADAV, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5::20-cv-00005 _____ |
| | § | |
| FROST BANK, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

NOW COMES Defendant Frost Bank ("Defendant"), and pursuant to 28 U.S.C. § 1441 and § 1446, files this Notice of Removal of the above-captioned cause to the United States District Court for the Western District of Texas, San Antonio Division, and in support respectfully shows the Court the following:

1.      Plaintiff's Original Petition and Request for Disclosure ("Original Petition"), styled *Vinay Yadav v. Frost Bank*, was filed on December 3, 2019 in the 288th Judicial District Court of Bexar County, Texas and docketed as Cause No. 2019-CI-24629.  A true and correct copy of the Original Petition is attached as Exhibit A.

2.      Plaintiff's cause of action is one over which this Court has original jurisdiction by virtue of Plaintiff's assertion of claims under 42 U.S.C. § 2000e *et seq*., Title VII of the Civil Rights Act of 1964 ("Title VII"), and 29 U.S.C. §621 *et seq*., the Age Discrimination in Employment Act of 1967 ("ADEA"), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(a), in that Plaintiff alleges that Defendant has violated his federal rights.  *See* Exhibit A, Plaintiff's Original Petition ¶¶ 52-62.  Further, the Court may properly

exercise supplemental jurisdiction over Plaintiff's state-law claims.  *See* 28 U.S.C. §§ 1367, 1441(c).

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(d)(4) and 1441(a) because the United States District Court for the Western District of Texas, San Antonio Division, embraces the County of Bexar, where the state court action is now pending.

4.      This Notice is timely filed pursuant to 28 U.S.C. § 1446 as Defendant has not yet been served with the Original Petition in a manner authorized by the Texas Rules of Civil Procedure and, as such, Defendant's removal deadline has not yet commenced.  *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding that receipt of a courtesy copy of the complaint without formal service was insufficient to start the deadline of 28 U.S.C. 1446(b)).  Nevertheless, Defendant proceeded with filing an answer on December 23, 2019, and thus removal is timely as it is occurring within 30 days of that date.  *See* Exhibit B, Defendant's Original Answer.  In response to Defendant's Answer, Plaintiff filed a Response to Special Exceptions and Non-Answers on December 24, 2019, attached as Exhibit C. No orders have been entered by the State Court.  *See* Exhibit D, Docket Sheet.  True and correct copies of all process, pleadings, and docket sheet reflecting that no orders have been entered by the State Court are attached hereto.

5.      A true and correct copy of Defendant's Notice of Removal will be filed with the District Clerk for the District Court of Bexar County and served on all parties.

WHEREFORE, Defendant Frost Bank prays that the action now pending in the 288th Judicial District Court, Bexar County, Texas, as described herein be removed to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/ Mario A. Barrera*

Mario A. Barrera
State Bar No.  01805915
mario.barrera@nortonrosefulbright.com
Stephen J. Romero
State Bar No.  24046756
stephen.romero@nortonrosefulbright.com
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, TX  78205
Telephone:     (210) 224-5575
Facsimile:      (210) 270-7205

Counsel for Defendant
Frost Bank

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of January, 2020, I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Vinay Yadav
8807 Heath Circle Dr.
San Antonio, Texas 78250
*Pro se* Plaintiff

*/s/ Mario A. Barrera*

Mario A. Barrera

# EXHIBIT A

FILED
12/3/2019 9:12 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

## 2019CI24649

CAUSE NO.: _____

| | | |
|---|---|---|
| VINAY YADAV<br>*Plaintiff* | § § § § | IN THE DISTRICT COURT |
| V. | § § § | 288th ___ JUDICIAL DISTRICT |
| FROST BANK<br>*Defendant* | § § § | BEXAR COUNTY, TEXAS |

## ORIGINAL PETITION

COMES NOW, Plaintiff, Vinay Yadav ("**Mr. Yadav**" or "*Plaintiff*"), and makes and files this Original Petition against Defendant, Frost Bank ("***Frost***") and respectfully shows the Court as follows:

### I.  DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of the TEXAS RULE OF CIVIL PROCEDURE 190.3 and affirmatively pleads this suit is not governed by the expedited-actions process in TEXAS RULE OF CIVIL PROCEDURE 169 because Plaintiff seeks monetary relief over $1,000,000.

### II.  RELIEF

2. Plaintiff seeks monetary relief over $1,000,000.

### III.  PARTIES

3. Plaintiff, Vinay Yadav, is individual residing in Bexar County, Texas, who may be reached at 8807 Heath Circle, San Antonio TX 78250.

4. Defendant, Frost Bank, is a Texas State Bank with its principal place of business in Bexar County, Texas who may be served through its registered agent, Trey Banack at 111 W. Houston St., San Antonio, Texas 78205 or though his Email: Trey.Banack@frostbank.com or wherever he may be found.

*Plaintiff's Original Petition*                                                      Page **1** of **12**

## IV.   JURISDICTION & VENUE

5.   This Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

6.   Venue is proper in Bexar County, Texas under TEXAS CIVIL & PRACTICES REMEDIES CODE §15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas.

## V.   FACTS

7.   The plaintiff was an employee of the Defendant and worked at the One Frost Corporate Campus building located at 3838 Rogers Rd., San Antonio, Texas 78251.

8.   On Nov 19, 2018, the plaintiff was working diligently and quietly on his desk at Frost Bank since morning until about 11:10am. He had definite plan on leaving from his work during his lunch-break starting at 11:15am to fulfill his personal obligations.

9.   On this day at 11:04am, the plaintiff received an Outlook email meeting invite to attend a meeting at 11am from Frost Bank Employee ("**Employee**") 'Michael Landin'. Employee Landin sent this email meeting invite on that day at "11:04am" for a meeting that would have started in the past 4 minutes earlier at "11am".

10.   Because of plaintiff's prior commitment during lunch hour, he proposed a new time at 1:00pm immediately after his lunch break on the same day, to the Employee Landin thru Frost Outlook email system in response to the meeting invite.

11.   Upon receiving the plaintiff's response of after lunch meeting proposal, the Employee Landin immediately sent Frost Bank's off-duty police from San Antonio Police Department ("**SAPD**") in full uniform, an Employee 'Dwight Obey', and a Frost Bank contractor ("**Servant**") to plaintiff's desk to bring him for the meeting forcefully.

12.   The plaintiff was escorted away from his work station by an off-duty SAPD in full uniform,

who arrived at the plaintiff's desk and, together with another "Employee" Obey ordered the plaintiff to shut down his computer and exit the premises at about 11:11am.

13.    Plaintiff complied immediately, proceeding to pack up his desk and follow the parties into an elevator, where the SAPD directed the plaintiff to his vehicle so he could vacate the premises.

14.    Plaintiff was then redirected by the Employee to the HR Office for the meeting. Due to the force the plaintiff had already experienced, the plaintiff elected to go to his car and leave based on the instructions by the SAPD. Both off-duty SAPD and the Employee along with the Servant accompanied the plaintiff to his vehicle and watched as he opened his driver-side door and entered the vehicle. Two Sr. Regional Vice Presidents of Frost ("***Employees***") Virginia Gonzales and Michael Landin,, and a Group Executive Vice President of Frost ("***Officer***") Annette ***Alonzo*** followed  right behind the Plaintiff to his car and saw him entering into his vehicle to leave at 11:19am.

15.    While the plaintiff was attempting to leave the premises, the Employee, having now received additional instruction from his superiors, instructed the SAPD to remove the plaintiff from his vehicle because "he was trespassing" and because he was needed by HR. the plaintiff was pulled from his vehicle and subsequently beaten at the direction of Frost Employees Landin, Gonzalez and Officer. The physical attack caused the plaintiff physical impairment and emotional damage. On Frost Employees and Officer's instructions, the plaintiff was unlawfully handcuffed, taken into police custody at about 11:22am, had his belongings confiscated, and his car impounded.

16.    To add insult to injury, Frost Bank pressed and pursued charges vigorously against the plaintiff for "trespassing" despite the fact that the plaintiff was an employee of the Frost Bank.

17.    Shortly thereafter, the plaintiff received a backdated letter from Frost Human Resources indicating his "employment with Frost ended effective November 19, 2018." The letter fails

to make any mention of his termination or the aforementioned circumstances. Moreover, the plaintiff has not been notified of any formal termination, other than a COBRA benefits letter.

18.  Plaintiff sent emails and letters to Phil **Green** ("**Director**") the Chairman of Frost Bank, Jimmy **Stead** ("**Officer**") the Group Executive Vice President of Frost, Mike **Russell** ("**Officer**") the Group Executive Vice President of Frost, and issued subpoenas to Frost Officer Alonzo, Frost Officer Russell, to preserve and provide the surveillance footage immediately after the tragic beating and arrest of plaintiff at Frost property. Frost has not provided the crucial and complete videos from Plaintiff's desk despite the fact that there are several cameras on and around Plaintiff's desk. Furthermore, Frost has not provided the crucial videos from the Frost parking where Plaintiff's car was parked and towed from, despite the fact that there are several cameras on the top of and around Plaintiff's car and in the parking all the way to parking exit from which Frost impounded Plaintiff's car.

19.  According to Frost attorney's letter, Frost has destroyed these crucial pieces of evidence despite the fact that Plaintiff requested Frost for preserving these pieces of evidence thru emails, letters sent to Frost Director Green, Officer Stead, Officer Russell and subpoenas to Officer Alonzo and Officer Russell immediately after the tragic injuries due to beating by Frost Employees. Frost Bank was in contempt of multiple subpoenas by failing to present true and complete surveillance evidence, and additionally in contempt of court orders by prohibiting Plaintiff from taking photos of surveillance-cameras above his desk and of parking surveillance-cameras above his car.

20.  Frost's actions were entirely predicated on the plaintiff's attempts at informing Frost of issues with the work he was instructed to perform. Specifically the plaintiff had made numerous representations, presentations, comments, and remarks to Frost management regarding the programming, systems architecture, application security and compliance, and information

technology work which he was required to perform, and the issues and potential illegalities related thereto. Specifically, as a banking institution, any IT work, applications, websites, systems, auditing, etc. must follow consumer privacy, Sarbanes-Oxley, Gramm-Leach-Bliley, Payment Card Industry Security Standards, and other relevant regulations. Through his programming, systems architecture, application security and compliance, and information technology work, the plaintiff learned Frost was not acting in furtherance of conformity or compliance with such laws. Plaintiff attempted on more than one occasion to inform his superiors that the programming, systems architecture, application security and compliance, and information technology work he was required to do was not in conformity with federal regulations and/or laws. In addition, based on his over 30 years of experience in software industry with larger corporations, plaintiff observed the clear signs of corporate malfeasance within Frost data. 'No' or 'lack of' auditing in the systems, databases and operations was done advisedly by Frost Director and Officers. Plaintiff reported his findings to his manager Uday **Sethgeri** ("***Employee***") Sr. Executive Vice President.

21.     Plaintiff's complaints were ignored wholly. Rather, attention was focused on outrageous and absurd allegations and accusations including an August 3, 2018 "final warning" wherein it is alleged the plaintiff "was walking very slowly in front of the private room that has glass partitions" and when he walked past such rooms he "glared at them angrily" which made people uncomfortable. An Assigned Coach commented that Plaintiff made him feel as though Plaintiff "was going to get him in some way.". Plaintiff refused to sign the final warning and does not acknowledge the truth of such findings.

22.     To date, the plaintiff wholly denies such accusations contain any element of truth. Specifically, upon the execution of the warning, the plaintiff noted that "most of the findings are completely false."

23. Plaintiff was given continuously more difficult work by Coaches and superiors, causing him to stay late in order to complete the work, all the while being in a work environment that never formally tracked tasks with anything other than Post-it Notes.

24. At this point, it has become apparent to the plaintiff that Frost Employees, HR, and Frost were working to punish him for attempting to bring to light the company's failure to comply with federal regulations. Ultimately, such retaliation extended to his termination and the unethical events by Frost described previously.

## VI.    COUNT ONE – RETALITORY DISCHARGE

25. Plaintiff reincorporates and realleges all facts and allegations set forth in the foregoing paragraphs.

26. Plaintiff was an at-will full-time employee for defendant.

27. On November 19, 2918, Plaintiff was fired for the sole reason of his decision to not perform an illegal action.

28. The Texas Supreme Court held a retaliatory discharge claim is available to an employee who was terminated "for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot Serv. Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). This applies even if the employee's employment had no definite term, and even if neither the employment contract nor any statute contains an applicable restriction on the employer's right to discharge.

29. It is against public policy for an employee to be terminated on the sole basis that he refused to perform an illegal act.

30. Plaintiff consistently warned his superiors of the illegal nature of the programming, systems architecture, application security and compliance, and information technology work he was required to do, but his work failed to comply with federal regulations.

31. Plaintiff then refused to make the omissions that violated federal laws. Plaintiff's superiors and

coworkers did not heed his warnings. Instead, they resigned themselves to throwing accusations at the plaintiff and directing a SAPD to forcibly escort and then physically batter him.

32. No other actions committed by the plaintiff would have warranted the way he was treated, which indicates the sole reason the plaintiff was discharged was for his refusal to perform the illegal programming, systems architecture, application security and compliance, and information technology work, and his reports of his findings of sign of corporate malfeasance by Frost's Director and Officers.

## VII.   COUNT TWO – DEFAMATION

33. Plaintiff reincorporates and realleges all facts and allegations set forth in the foregoing paragraphs.

34. Defendant published a false statement of fact to a third party. The communications between the assigned Software Quality Assurance Analyst and upper management as noted in the "final warning" described the plaintiff as threatening and that the plaintiff "was going to get [the assigned coach] in some way."

35. This statement defamed the plaintiff. Frost Bank, by proxy of the plaintiff's superiors and fellow Employees, committed defamation by making communications that harmed his reputation.

36. Defendant acted negligently concerning the truth of the statement. As the plaintiff vehemently denies the allegations that he is uncooperative and intimidating, the accusations constitute false statements of fact that were at the very least negligently made.

37. Frost Bank pressed and pursued charges vigorously against the plaintiff for a false "trespassing" charge despite the fact that the plaintiff was an employee of the Frost Bank. Frost Employees Gonzales, Landin and Obey have committed numerous perjuries in the court

to convict the plaintiff.

38.    Shenanigan of Frost Employees and their perjuries in court severely defamed the plaintiff during a criminal court trial pursued by Frost.

39.    Frost statement and Frost Employees' perjuries caused severe damages to plaintiff. Plaintiff would be entitled to damages for the communications made in the "final warning" memo and for bringing a false "trespassing charges" within the jurisdictional limits of this court.

40.    A defamatory statement is a statement that tends to harm Plaintiff's reputation within the community in which the plaintiff resides.

41.    The communications made concerning the plaintiff and false charges against him caused severe damages to him, as the hit to his reputation will give him difficulty in finding other work after his unfair termination.

42.    False public criminal background record created by Frost defamatory statements and false charges brought by Frost Bank has hindered the plaintiff from finding a future employment.

## VIII.    COUNT THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.    Plaintiff reincorporates and realleges all facts and allegations set forth in the foregoing paragraphs.

44.    Defendant committed the act intentionally and recklessly. Frost Employees then instructed the SAPD pulling him out of his car and then beating and injuring the plaintiff. Defendant put together false trespassing and false resisting charges against the plaintiff. On further instructions from Defendant, the plaintiff was handcuffed and spent two days and two nights in such jail.

45.    The conduct was extreme and outrageous. Frost Employees and Frost Officer allowed and intentionally encouraged a fellow employee, the plaintiff, to be beaten by SAPD when he was simply attempting to follow commands and defuse the situation by driving away.

46. Plaintiff has experienced extreme emotional distress due to the act.

47. The emotional distress is extremely severe.

48. Frost Employee with the SAPD's assistance forcefully ordered the plaintiff to vacate the premises, and then unexpectedly changed their minds by redirecting the plaintiff forcefully to the HR office.

49. Although Frost Employee and SAPD allowed the plaintiff to continue to his vehicle, when he tried to comply with the first command by entering his vehicle and leaving, the Employee directed the SAPD to pull him from his vehicle on the grounds that the plaintiff was "trespassing," even though the plaintiff was at that time still Frost full-time employee.

50. This extreme and outrageous conduct obviously caused the plaintiff extreme emotional distress, as he suffered physical injuries and had to spend two days and two nights in jail; consequences that were disproportionate to the alleged wrong committed.

51. To add more intentional infliction of emotional distress, Defendant vigorously pursued a false trespassing charge against the plaintiff. To cope with the false charges brought by Defendant, the plaintiff has severely suffered for more than one year, and will be suffering rest of his life.

## IX. COUNT FOUR – TITLE VII and AGE DISCRIMINATION IN EMPLOYMENT ACT VIOLATIONS

52. Plaintiff reincorporates and realleges all facts and allegations set forth in the foregoing paragraphs.

53. The EEOC conducted an investigation, Charge Number: 451-2019-03603, into Plaintiff's allegations of discrimination and was dismissed, as the EEOC was unable to conclude if the information obtained established violations of Title VII or the Age Discrimination in Employment Act.

54. As per the EEOC Notice of Suit Rights sent on September 5, 2019, Plaintiff brings these

allegations of Title VII and the Age Discrimination in Employment Act violations privately.

55. The Plaintiff has performed all conditions precedent, if any, required for the filing and pursuit of a claim for judicial relief under Title VII and its related regulations.

56. Defendant discriminated against Plaintiff with respect to his compensation, terms, conditions, or privilege of employment because of Plaintiff's, race, color, religion, age and in retaliation.

57. Plaintiff has suffered an adverse tangible employment action as a result of his supervisor's, Frost Employees - Garry Bernal, Michael Landin, Virginia Gonzales, Dwight Obey, Annette Alonzo, Phil Green, Mike Russell, Jimmy Stead, Uday Shetgeri, discriminatory harassment, as such, the Defendant, as their employer, is strictly liable for their conduct.

58. Plaintiff was threatened with termination if he did not dance like the rest of his fellow employees. Plaintiff was continually reminded of his at will status as an employee. Plaintiff's dietary lifestyle and religion were mocked on a regular basis. Plaintiff's skin color was the subject of ridicule from the beginning of his employment.

59. Plaintiff was called too slow due to his age and race. Employees of Defendant continually asked Plaintiff to resign repeatedly and asked him to find another job. Plaintiff was repeatedly threatened from January 2018 until his termination that, if he did not quit, he would be terminated and criminally prosecuted, which was exactly what happened.

60. This conduct was not welcomed by Plaintiff.

61. This behavior by Defendant's employees was motivated by Plaintiff's race, age, religion, and color.

62. The conduct was so severe and pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and abusive.

## X.   COUNT FIVE - ASSAULT

63. Plaintiff reincorporates and realleges all facts and allegations set forth in the foregoing

*Plaintiff's Original Petition*                                                    Page **10** of 12

paragraphs.

64. On November 19, 2019, at One Frost Parking, 3838 Rogers Road in San Antonio Texas, Bexar County, Texas, Defendant, by and through their Employees and retained police officer, did intentionally, knowingly, or recklessly cause bodily injury to plaintiff by beating him to the ground and continuing to assault him. Resulting in actual damages, lost wages, mental anguish, and decreased earning capacity.

65. In order to hide the assault at Frost Bank property, Frost Chairman/Director Phil Green and Officers on behalf of Defendant actively participated in spoliation-of-record, destruction-of-evidence and in tampering with surveillance-footage (i.e. spoliation of Frost parking videos, spoliation of Plaintiff's desk surveillance-footage and other electronic records such as emails from Plaintiff).

66. Defendant not only assaulted the plaintiff but also violated the state and Federal rules such as 18 U.S.C. § 1622 by committing subornation of perjuries. To cover up its corporate malfeasance, Frost Bank assaulted the plaintiff and brought malicious charges against him. Further, to hide the assault, Frost Bank indulged in spoliation-of-record and destruction-of-evidence in continuance of Frost Bank's white-collar crimes.

## XI.    EQUITABLE RELIEF

67. In the alternative to monetary damages, Plaintiff seeks equitable relief.

## XII.    REQUEST FOR DISCLOSURE

68. Under TEXAS RULE OF CIVIL PROCEDURE 194, Plaintiff requests Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## XIII.   OBJECTION TO ASSOCIATE JUDGE

69. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## XIV.   PRAYER

WHEREFORE, the above premises considered, Plaintiff prays this Court issue citation for Defendant to appear and answer and that, Plaintiff be awarded judgment against Defendant for the following: out-of-pocket expenses, all economic damages, exemplary damages, mental-anguish damages, treble damages, fees, costs of court, prejudgment and postjudgment interest, the termination of any and all contracts between Plaintiff and Defendant, and all other relief, at law or in equity, specific or general, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

_____
Vinay Yadav, *Pro Se*
8807 Heath Circle Dr.
San Antonio, Texas 78250
vymontana@gmail.com
(775) 682-1382 phone

PLAINTIFF

# EXHIBIT B

FILED
12/23/2019 11:36 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Leticia Leija

Case 5:20-cv-00005   Document 1   Filed 01/03/20   Page 18 of 33

CAUSE NO. 2019-CI-24649

| | | |
|---|---|---|
| VINAY YADAV, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 288TH JUDICIAL DISTRICT |
| | § | |
| FROST BANK | § | |
| | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

NOW COMES Defendant Frost Bank ("Defendant") and files this Special Exceptions and Original Answer in response to Plaintiff's Original Petition ("Petition") and would respectfully show the Court as follows:

### I.    SPECIAL EXCEPTIONS

Defendant specially excepts to Plaintiff's Petition in its entirety, and specifically as follows, reserving the right to amend or add additional special exceptions as they become known or applicable in the course of discovery or otherwise:

1.    Defendant specially excepts to Plaintiff's Petition for the reason that it does not allege viable causes of action for retaliatory discharge, defamation, intentional infliction of emotional distress, or assault against Defendant.  Defendant requests that Plaintiff be required to amend his pleading to specify these causes of action alleged against Defendant with greater specificity.

2.    Defendant specially excepts to Plaintiff's Petition for the reason that it does not include the last three numbers of Plaintiff's driver's license number and the last three numbers of Plaintiff's social security number as required by the Texas Civil Practice and Remedies Code § 30.014.  Defendant requests that Plaintiff be required to amend his pleading to include this information.

99057350.1

## II.        GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies each and every, all and singular, of the allegations contained in Plaintiff's Petition, or any amended or supplemented petitions, and demands that Plaintiff be required to prove all allegations by a preponderance of the credible evidence.

## III.        DEFENSES AND AFFIRMATIVE DEFENSES

Defendant pleads the following defenses and affirmative defenses, but does not assume the burden of proof except to the extent required on pure affirmative defenses:

1.        Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

2.        Plaintiff's claims are barred, in whole or in part, by privilege, legal justification or excuse, or truth.

3.        Plaintiff's claims are barred, in whole or in part, to the extent that those claims exceed the scope of, or are inconsistent with, the charge of discrimination that he filed with the Texas Workforce Commission ("TWC") and Equal Employment Opportunity Commission ("EEOC").

4.        Defendant asserts that any alleged discriminatory acts occurring more than 180 days or any other applicable time period prior to the filing of Plaintiff's charge or complaint of discrimination are barred.

5.        All alleged actions taken by Defendant against Plaintiff would have been taken regardless of his membership in any class or status or his exercise of any rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII") or the Age Discrimination in Employment Act ("ADEA").

6.      Plaintiff's claims are barred, in whole or in part, because any alleged actions with respect to Plaintiff's employment were taken in good faith at all relevant times and were based on legitimate, non-discriminatory and non-retaliatory reasons.

7.      Plaintiff's alleged losses and damages, if any, are the result of and directly related to his own conduct, actions, and/or failure to act and not of Defendant's conduct, actions, or failure to act.

8.      Pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, Defendant invokes the doctrine of contributory negligence, contribution, and proportionate responsibility and asserts its rights to have its responsibility compared to that of any other person, including Plaintiff, found to be responsible for damages, if any, suffered by Plaintiff.

9.      Plaintiff has failed to establish the necessary elements for recovery of compensatory and/or punitive damages.

10.      Plaintiff's claims for compensatory and punitive damages are limited by the caps set forth in Title VII and the ADEA.

11.      Plaintiff's claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code.

12.      Any amount that Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits, if any) or which, through the exercise of reasonable diligence, Plaintiff could have earned during the period for which lost wages and benefits are sought by Plaintiff.

13.      Defendant reserves the right to assert any and all additional affirmative defenses that may be determined during the course of discovery.

WHEREFORE, Defendant Frost Bank respectfully submits this Special Exceptions and Original Answer and prays that its special exceptions to Plaintiff's Petition be in all things granted; that Plaintiff be ordered to re-plead pursuant to these special exceptions within two (2) weeks of the date of a hearing on same, failing which Plaintiff's suit be dismissed; that Plaintiff take nothing by his suit; that Defendant be allowed to recover the attorneys' fees and costs which have been incurred by reason of the charges and allegations against it by Plaintiff; and that the Court grant Defendant such other and further relief, both at law and in equity, both general and specific to which Defendant may show itself justly entitled.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP


By: */s/ Mario A. Barrera*
    Mario A. Barrera
    State Bar No. 01805915
    mario.barrera@nortonrosefulbright.com
    Stephen J. Romero
    Texas Bar No. 24046756
    stephen.romero@nortonrosefulbright.com
Frost Tower
111 W. Houston Street , Suite 1800
San Antonio, Texas 78205
Telephone: (210) 224-5575
Telecopier: (210) 270-7205

Counsel for Defendant
Frost Bank

## **CERTIFICATE OF SERVICE**

This pleading, Defendant's Special Exceptions and Original Answer, has been served upon all parties and/or counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on December 23, 2019:

> Vinay Yadav
> 8807 Heath Circle Dr.
> San Antonio, Texas 78250
> *Pro se* Plaintiff

> */s/ Mario A. Barrera*
> Mario A. Barrera

# EXHIBIT C

CAUSE NO. 2019-CI-24649

| | | |
|---|---|---|
| VINAY YADAV, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 288TH JUDICIAL DISTRICT |
| | § | |
| FROST BANK | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |
| | § | |

## PLAINTIFF'S RESPONSE TO SPECIAL EXCEPTIONS AND NON-ANSWERS

NOW COMES Plaintiff Vinay Yadav ("Plaintiff") files this response in response to Defendant's ("Frost Bank") Special Exceptions and Answers and would respectfully show the Court as follows:

## I. SPECIAL EXCEPTIONS

Under Texas Rules of Civil Procedure Rule 91, Frost Bank has failed to point out intelligibly with particularity any defects, omission, obscurity, duplicity, generality, and other insufficiency in the original Plaintiff's petition. Therefore, Plaintiff rejects Frost Bank's Special Exceptions and fictitious Answers in its entirety, and specifically as follows, reserving the right to amend to add additional complaints against Frost Bank as they become known, applicable in the course of discovery, or otherwise

1.      Plaintiff specially rejects Frost Bank's Special Exceptions Answer for the reason that original petition has already elaborated viable causes of action for retaliatory discharge, defamation, intentional infliction of emotional distress, and Frost Bank's assault against Plaintiff in great detail. Plaintiff has provided the detailed pleading to specify all these causes of action against Frost Bank with an extensive greater specificity and utmost clarity.

2.      Plaintiff specially rejects Frost Bank's Special Exceptions Answer for the reason that Frost Bank already does have Plaintiff's full social security number and Plaintiff's full driver

license number as Plaintiff was fulltime employee of Frost Bank as elaborated in great detail in the original petition. Additional, Plaintiff rejects Frost Bank's response for the reason that this Court has not yet required to display the Plaintiff's secure information publically listed under Subsection 30.014(b), and since Frost Bank already has last three numbers of Plaintiff's driver's license number and the last three numbers of Plaintiff's social security number as required by the Texas Civil Practice and Remedies Code § 30.014. Plaintiff denies Frost Bank's bogus demand to amend his original petition without any order as Frost Bank already has Plaintiff's full information. Moreover, Texas Sec. 501.001 protects Personal Identity Information displayed publically under Chapter 501, Protection of Driver's License and Social Security Numbers from Businesses.

## II. PLAINTIFF'S REAFFIRMATION TO PETITION

Pursuant to Texas Rule of Civil Procedure 92, Plaintiff has already provided sufficient details intelligibly to extend to all matters set up known to Plaintiff. Plaintiff re-affirms each and every, all and singular, of the factual true complaints contained in Plaintiff's original Petition filed in great detail on December 3, 2019., and reserves the right to amend and supplement petition to add more issues upon discovery from Frost Bank, Federal Bureau of Investigations (FBI), Texas Rangers or State of Texas or any other investigative authorities and demands that Frost Bank be required to provide the full answers as requested in the original petition within the time-limit prescribed under Texas Rules of Civil Procedure Rule 194.2 effective from the original filing date, i.e. December 3, 2019.

## III. PETITION AND AFFIRMATION TO ORIGINAL COMPLAINTS

Plaintiff rejects Frost Bank's negative defenses/non-answers and requires Frost Bank to discover the extent required as elaborated in great depth in the original petition filed on December 3, 2019.

1.     Plaintiff rejects Frost Bank's false claim, and affirms that Plaintiff's claims are not barred at all, in whole or in part, by the applicable limitations period under State/Federal laws and per "Notice of Suite Rights" issued by Equal Employment Opportunity Commission ("EEOC") attached with the original petition filed on December 3, 2019. Notice of Suite Rights correctly shows the issuance date as September 5, 2019.

2.     Plaintiff rejects Frost Bank's false claim, and affirms that Plaintiff's claims are not barred at all, in whole or in part, by privilege, legal justification or excuse, or truth, as EEOC's Notice of Suite Rights correctly shows the legal justification on September 5, 2019, and as elaborated in great depth in the original petition filed on December 3, 2019.

3.     Plaintiff rejects Frost Bank's false claim, and affirms that Plaintiff's claims are not barred at all, in whole or in part, to the extent that those claims exceed the scope of, or inconsistent with the charge of discrimination filed with the EEOC as the original petition does include the charge of discrimination filed as is within the Discrimination Section of  Petition, and Plaintiff reserves the right to include more counts of civil charges under Texas rule 64 and upon discovery from FBI, Texas Rangers or State of Texas.

4.     Plaintiff rejects Frost Bank's false claim, and affirms that Plaintiff's claims are within the statute of limitation as prescribed by the Federal and Texas Laws and EEOC rules and regulations, and are within the accurate and applicable time period prior to the filing of Plaintiff's charge or complaint as elaborated in great depth in the original petition filed on December 3, 2019.. Plaintiff rejects Frost Bank's understanding of EEOC filing that if the charges or complaints are not filed within the applicable time period. EEOC would still issue a NOTICE OF SUITE RIGHTS. The fact is that EEOC rejects the complaint if the charges or complaints are not filed within the applicable time period without issuing a NOTICE OF SUITE RIGHTS.

5.      Plaintiff rejects Frost Bank's false claim, which states that all actions taken by Frost Bank against Plaintiff, such as assault and pursuing a deceitful and malicious trespassing charge in a criminal court by Frost Bank against Plaintiff, would have been taken regardless of his membership in any class or status or his exercise of any rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII") or the Age Discrimination in Employment Act ("ADEA") as elaborated in great depth in the original petition filed on December 3, 2019.

6.      Plaintiff rejects Frost Bank's false claim, and affirms that Plaintiff's claims are not barred at all, in whole or in part, because the actions with respect to Plaintiff's employment were taken in extreme bad faith at all relevant times and were based on illegitimate, discriminatory and retaliatory reasons as elaborated in great depth in the original petition filed on December 3, 2019.

7.      Plaintiff rejects Frost Bank's false claim, and affirms that Plaintiff's losses and damages, injuries, retaliatory discharge, defamation and intentional infliction of emotional distress are the result of Frost Bank's assault and false trespassing convictions against Plaintiff, and are directly related to Frost Bank's conduct, actions, assault and failures as elaborated in great depth in the original petition filed on December 3, 2019.

8.      Plaintiff rejects Frost Bank's false claim, and affirms that Pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, Plaintiff invokes the doctrine of contributory negligence, contribution, and proportionate responsibility and asserts its rights to have its responsibility compared to that of any other person, including third party attorneys-without-notice-of-appearance, Frost Bank, found to be responsible for damages, if any, suffered by Frost Bank as elaborated in great depth in the original petition filed on December 3, 2019.

9.    Plaintiff rejects Frost Bank's false claim, and affirms that Plaintiff has established the necessary elements for recovery of compensatory and punitive damages as elaborated in great depth in the original petition filed on December 3, 2019.

10.    Plaintiff rejects Frost Bank's false claim and affirms that Plaintiff's claims for compensatory and punitive damages are not just only limited by the caps set forth in Title VII and the ADEA, because Plaintiff's claims include additional claims against Frost Bank as elaborated in great depth in the original petition filed on December 3, 2019.

11.    Plaintiff rejects Frost Bank's false claim, and affirms that Plaintiff's claims for punitive or exemplary damages are not just only subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, because Plaintiff's claims include additional claims against Frost Bank as elaborated in great depth in the original petition filed on December 3, 2019.

12.    Plaintiff rejects Frost Bank's false claim, and affirms that the amount that Plaintiff claims is due and Frost Bank owing to Plaintiff for retaliatory discharge, defamation, intentional infliction of emotional distress, injuries, lifetime trauma, wages, other employment benefits exceed the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits, losses for lifetime) through the exercise of reasonable diligence, Plaintiff would have suffered during the period for which physical damages, mental anguish, intentional infliction of emotional distress bodily injury due to Frost Bank assault, lost wages and benefits are sought by Plaintiff as elaborated in great depth in the original petition filed on December 3, 2019.

13.    Plaintiff rejects Frost Bank's false claim, and reserves the right to assert any and all additional affirmative complaints as may arouse from FBI, Texas Rangers or State of Texas investigations that may be determined during the course of discovery.

WHEREFORE, Plaintiff respectfully submits this response to Frost Bank's fallacious Special Exceptions and Non- Answers  and prays that Frost Bank's request for special exceptions to petition be in all things denied; that Frost Bank be ordered to answer in full pursuant to the original petition within two (2) weeks of the date of a hearing on same, failing which Plaintiff's suit be granted; that Plaintiff takes everything by his suit; that Plaintiff be allowed to recover his attorneys' fees and costs which have been incurred so far by reason of the charges fallacious Special Exceptions and Non-Answer by Frost Bank; and that the Court grant Plaintiff such other and further relief, both at law and in equity, both general and specific to which Plaintiff may show itself justly entitled.

Respectfully submitted,

By: */s/ Vinay Yadav*_____
Vinay Yadav, *Pro Se*
8807 Heath Circle Dr.
San Antonio, Texas 78250
vymontana@gmail.com
(775) 682-1382 phone

## <u>CERTIFICATE OF SERVICE</u>

This Response to Defendant Frost Bank's Special Exceptions and Original Answer, has been served to Frost Bank's registered agent Trey Banak via Email on December 23, 2019:

*/s/ Vinay Yadav*_____
Vinay Yadav

Frost Bank,
111 W. Houston St,
San Antonio, Texas 78205
Thru
Registered Agent Trey Banak,
Texas Bar Card# 01667001
*DELIVERED VIA E-MAIL: Trey.Banack@frostbank.com
*SERVED VIA ELECTRONIC FILING SYSTEM

# EXHIBIT D



**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

# Case #2019CI24649

<u>Name</u>: VINAY YADAV

<u>Date Filed</u> : 12/3/2019

<u>Case Status</u> : PENDING

<u>Litigant Type</u> : PROPIA PERSONA

<u>Court</u> : 288

<u>Docket Type</u> : EMPLOYMENT-RETALIATION

<u>Business Name</u> : 2019CI24649

<u>Style</u> : VINAY YADAV

<u>Style (2)</u> : vs FROST BANK

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00005 | 12/24/2019 | RESPONSE<br>TO SPECIAL EXCEPTIONS AND NON-ANSWERS |
| P00004 | 12/23/2019 | ORIGINAL ANSWER OF<br>FROST BANK AND SPECIAL EXCEPTIONS |
| S00001 | 12/11/2019 | CITATION<br>FROST BANK<br>ISSUED: 12/11/2019 |
| P00003 | 12/10/2019 | REQUEST FOR SERVICE AND PROCESS |
| P00002 | 12/10/2019 | SERVICE ASSIGNED TO CLERK 3 |
| P00001 | 12/3/2019 | PETITION |

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Vinay Yadav

## DEFENDANTS
Frost Bank

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se: Vinay Yadav
8807 Heath Circle Dr., San Antonio, Texas 78250, (775) 682-1382

Attorneys *(If Known)*
Mario A. Barrera & Stephen J. Romero, Norton Rose Fulbright US LLP, 111 W. Houston St., Suite 1800, San Antonio, TX 78205, (210) 224-5575

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

❏ 2  U.S. Government
Defendant

❏ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | ❏ 690 Other | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1  Original
Proceeding

☒ 2  Removed from
State Court

❏ 3  Remanded from
Appellate Court

❏ 4  Reinstated or
Reopened

❏ 5  Transferred from
Another District
*(specify)*

❏ 6  Multidistrict
Litigation -
Transfer

❏ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. sec. 1441, 1446; 42 U.S.C. sec. 2000e et seq.; 29 U.S.C. sec. 621 et seq.
Brief description of cause:
Race, Religion, Color, and Age Discrimination

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ❏ Yes  ☒ No

## VIII. RELATED CASE(S)
IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
01/03/2020

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____