IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VINAY YADAV, | § | |
|     *Plaintiff,* | § | SA-20-CV-00005-FB |
| vs. | § | |
| FROST BANK, | § | |
|     *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff's Motion to Remand Frost Bank's Defective Notice of Removal [#8]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#5]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion be **DENIED**.

### I. Background

Plaintiff Vinay Yadav filed this case, proceeding *pro se*, in the 288th Judicial District Court of Bexar County, Texas on December 3, 2019 against Defendant Frost Bank. In his Original Petition, Yadav alleges that his former employer Frost Bank wrongfully terminated his employment and wrongfully directed the San Antonio Police Department to forcefully remove him from Frost Bank's premises. The causes of action asserted against Frost Bank are retaliatory discharge, defamation, intentional infliction of emotional distress, assault, and discrimination in

1

violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA").

Frost Bank removed Yadav's Petition to this Court on January 3, 2020 on the basis of federal question jurisdiction. Yadav now moves to remand this case to state court on the basis that (1) the "least predominant and supplement cause of action" are his federal claims of discrimination under Title VII and the ADEA, and (2) Frost Bank's removal is untimely because it occurred 30 days after the filing of Yadav's Petition.

## II.  Legal Standard

Pursuant to 28 U.S.C. § 1441(a), federal law provides for the removal of civil actions brought in a state court over which the district court has original jurisdiction. "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties . . . ." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258–59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369). Because it is presumed that a federal court lacks jurisdiction until such jurisdiction has been proven, any doubt as to federal subject matter jurisdiction is to be resolved in favor of remand. *In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## III. Analysis

The Court should deny Yadav's motion to remand. First, despite Yadav's arguments to the contrary, this Court has subject matter jurisdiction over this action because it involves federal causes of action. Second, Defendant's removal was timely.

### A. The Court has subject-matter jurisdiction.

This Court has subject-matter jurisdiction over all cases arising under the United States Constitution or federal law. 28 U.S.C. § 1331(a). A case arises under federal law when a plaintiff sets forth allegations founded on "a claim arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1441(c). Whether a case supports federal-question jurisdiction is determined by the well-pleaded complaint rule. *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000). Yadav's Original Petition asserts discrimination claims under Title VII and the ADEA. Thus, under the well-pleaded complaint rule, Yadav's case arises under federal law, regardless of whether his Petition also includes claims that arise under state law. Additionally, the Court has supplemental jurisdiction of Yadav's state-law claims. Pursuant to 28 U.S.C. § 1367(a), in a case where the court has federal-question jurisdiction over at least one claim, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Because of this Court's federal-question jurisdiction over Yadav's federal employment discrimination claims, it also has supplemental jurisdiction over his related state-law claims of retaliatory discharge, defamation, intentional infliction of emotional distress, and assault. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) (A federal court has jurisdiction over an entire action, including supplemental jurisdiction over the state-law claims, whenever the federal-law claims and state-law claims in the case "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.").

Insofar as Yadav is arguing that the Court lacks subject-matter jurisdiction over his case because his state-law claims predominate, federal jurisdiction does not work that way. If, as

here, a case involves a federal cause of action, the entire action is removable, even in instances where the case also includes non-removable state-law claims over which the Court has supplemental jurisdiction. *See* 28 U.S.C. § 1441(c)(1). If the case also includes non-removable state-law claims over which the Court does not have supplemental jurisdiction, then those state-law claims must be severed and remanded. 28 U.S.C. § 1441(c)(2). But this case does not involve non-removable claims over which the Court lacks supplemental jurisdiction. It involves both federal causes of action and state-law claims that are within this Court's supplemental jurisdiction, as described above. Thus, Plaintiff's motion to remand should be denied.

Notably, Plaintiff is not merely requesting that the Court remand his state-law claims. He is requesting that his entire case be remanded, which should be denied, as explained above. Plaintiff could request the Court decline to exercise supplemental jurisdiction and remand only his state-law claims. Or, if the Court ultimately dismisses Plaintiff's federal causes of action, and only state-law claims remain, Plaintiff can seek remand of his case at that time. In either event, it will be within the Court's discretion whether to retain jurisdiction or remand. *See* 28 U.S.C. § 1367(c); *see Gibbs*, 383 U.S. at 726 (In deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.").

Finally, the Court notes that Yadav's argument relies on a prior version of the removal statute. The removal statute previously stated: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." 28 U.S.C. 1441(c) (2011). But Congress amended the statute in

4

2011 to remove the "predominant state-law claims" language that Yadav invokes and to add the language that clarifies that remand of state-law claims is not required unless the federal court lacks supplemental jurisdiction over the other state-law claims. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103(a), 125 Stat. 759. In sum, the Court has subject-matter jurisdiction over this lawsuit.

**B.     Defendant's removal was timely.**

Next, Frost Bank's removal was timely. Under the federal removal statute, a notice of removal must be filed within 30 days after "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). If the initial pleading is filed before the summons is served, the 30-day removal period begins when the summons is served. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Frost Bank maintains that Yadav has not yet served his Original Petition in a manner authorized by the Texas Rules of Civil Procedure, and therefore its removal was timely. The undersigned agrees.

Under the Texas Rules of Civil Procedure, upon the filing of a petition, the clerk, when requested, shall issue a citation, similar to a federal court summons, and deliver the citation to the requesting party. *See* Tex. R. Civ. P. 99(a). The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition. *See id.* Rule 106 of the Texas Rules of Civil Procedure provides that the proper methods of service of the citation include in person delivery to the defendant by any person authorized by Rule 103, mailing to the defendant by registered or certified mail, return receipt requested, or by substituted service, with court authorization, if service was attempted but not successful. *See* Tex. R. Civ. P. 106, 103. Here, Yadav argues service was proper through his request for the clerk to process and serve his Petition to Frost Bank via the state court's electronic filing system, in accordance with Rule 21

of the Texas Rules of Civil Procedure. (Pl.'s Motion to Remand [#8] at 3, 6, and 12.) However, Rule 21 is for service of requests "other than the citation to be served upon the filing of a cause of action." Tex. R. Civ. P. 21a(a). Additionally, Yadav claims his email to Frost Bank's registered agent constitutes proper service. (Pl.'s Motion to Remand [#8] at 3.) This is also not a proper method of service for a citation under state law. *See* Tex. R. Civ. P. 106. Further, Yadav, as a party to the lawsuit, is not a person authorized to effect service of process, including citation. *See* Tex. R. Civ. P. 103. In summary, Yadav never served his Petition on Frost Bank in accordance with Texas law.

Frost Bank then filed an answer on December 23, 2019, which constituted an appearance and dispensed with the necessity for the issuance or service of citation. *See* Tex. R. Civ. P. 120, 121. Thus, the start of the 30-day removal period under 28 U.S.C. § 1446(b)(1) began on December 23, 2019. Because Frost Bank removed the case to federal court 10 days later on January 3, 2020, its removal is timely.

**C.     Defendant is not required to respond to discovery served prior to removal.**

Finally, Yadav also complains of Frost Bank's alleged failure to respond to pre-removal initial discovery requests. First, the Court admonishes Plaintiff that any complaints about an opposing party's failure to comply with discovery obligations should be filed in a separate motion to compel. But regardless, the well-settled rule regarding procedure after removal is that once a state court action is removed, it is governed by federal, rather than state, procedure. *See* Fed. R. Civ. P. 81(c) (stating that the Federal Rules of Civil Procedure apply to civil action after it is removed from a state court); *see also Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 895 (5th Cir. 1984). Federal Rule of Civil Procedure 26(d) proscribes that "a party may not seek discovery from any source before the parties have conferred as required by Rule

6

26(f) . . ." Fed. R. Civ. P. 26(d)(1). Several categories of cases are exempted from the rule, but there is no exemption for removed cases. *Id*. Accordingly, Yadav's position that state procedural rules continue to govern discovery served prior to removal has no support in the governing statutes or the case law.

### IV. Conclusion and Recommendation

Having considered the pleadings, Plaintiff's motion, as well as the responses and replies thereto, the undersigned recommends that Plaintiff's Motion to Remand Frost Bank's Notice of Removal [#8] be **DENIED**.

### V. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations

contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 25th day of February, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE