IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VINAY YADAV, | § § § | |
| *Plaintiff,* | § § § | SA-20-CV-00005-FB-ESC |
| vs. | § § § | |
| FROST BANK, | § § § | |
| *Defendant.* | § § § § § § | |

# ORDER

Before the Court in the above-styled and numbered cause of action is Defendant Frost Bank's Partial Motion to Dismiss [#12], Plaintiff's Response in Opposition to Frost Bank's Partial Motion to Dismiss [#14], Defendant's Reply to Plaintiff's Opposition to Frost Bank's Partial Motion to Dismiss [#18], and Plaintiff's "Sur-Reply to Frost Bank's Distorted/Untimely Reply to Plaintiff's Opposition to Motion to Dismiss" [#21]. Also pending before the Court is Defendant's Opposed Motion to Strike Portions of Plaintiff's Opposition to Frost Bank's Partial Motion to Dismiss [#17]. In reviewing Defendant's motion to strike, the Court also considered Plaintiff's Response in Opposition to Frost Bank's Motion to Strike Portions of Plaintiff's Opposition to Motion to Dismiss [#20], Defendant's Reply to Plaintiff's Opposition to Frost Bank's Motion to Strike [#23], and Plaintiff's Sur-Reply to Frost Bank's Reply to Plaintiff's Opposition to Frost Bank's Motion to Strike [#24]. On January 8, 2020, this cause of action was referred to the undersigned for all pretrial proceedings pursuant to Local Rule CV-72 and Appendix C of the Local Rules of the United States District Court for the Western District of Texas and 28 U.S.C. § 636(b) [#5]. For the reasons set forth below, Plaintiff is ordered to file an

Amended Complaint that cures the deficiencies in his current pleading as described in this Order within fourteen days. In light of the foregoing, the Court will dismiss as moot Defendant's Partial Motion to Dismiss without prejudice to refiling after Plaintiff files his Amended Complaint. Defendant's Motion to Strike is also dismissed as moot.

## I.  Procedural Background

Plaintiff Vinay Yadav ("Plaintiff"), proceeding *pro se*, originally filed this case in the 288th Judicial District Court of Bexar County, Texas on December 3, 2019 against Defendant Frost Bank ("Defendant"). (Orig. Pet. [#1] at 5.) In his Original Petition, Plaintiff alleges that his former employer Frost Bank wrongfully terminated his employment and wrongfully directed the San Antonio Police Department to forcefully remove him from Frost Bank's premises. The causes of action asserted against Frost Bank are retaliatory discharge, defamation, intentional infliction of emotional distress, assault, and discrimination on the basis of race, color, and religion in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA").

Defendant removed Plaintiff's Petition to this Court on January 3, 2020 on the basis of federal question jurisdiction [#1]. Defendant thereafter filed the motion to dismiss that is the subject of this order. The motion is ripe for this Court's review.

## II.  Deficiencies in Plaintiff's Pleadings

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing (1) Plaintiff's defamation claim based on the final warning statement is time-barred and the defamation claim regarding the statements made during the misdemeanor trespass court proceedings are privileged as a matter of law; (2) Plaintiff has not pleaded sufficient facts to support his intentional infliction of emotional distress ("IIED") claim; (3) Defendant cannot be

held vicariously liable for Plaintiff's assault claim against the off-duty police officer acting in his capacity as a peace officer; and (4) Plaintiff's retaliatory discharge claim under the *Sabine Pilot* doctrine fails because he cannot, in the same lawsuit, plead wrongful discharge claims under *Sabine Pilot* and under Title VII and ADEA and because Plaintiff failed to establish that he was terminated for refusing to perform an illegal act that involved a criminal penalty.

As currently pleaded, the Court agrees that Plaintiff's claims for defamation, IIED, assault, and retaliatory discharge under *Sabine Pilot* suffer from pleadings defects. Thus, Plaintiff should be given an opportunity to amend his Complaint and cure the defects and Defendant's motion should be dismissed as moot without prejudice to refiling if Plaintiff does not file an Amended Complaint or if he files an Amended Complaint that does not cure some or all of the pleading deficiencies identified.

**A.    Legal Standards**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."

*Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted). However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

The undersigned is mindful that in evaluating the merits of a motion to dismiss, a court views *pro se* pleadings under a less stringent standard than those drafted by an attorney. *See Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983). As a result, Plaintiff's filings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from these pleadings. *See id.*

Ordinarily, courts give a plaintiff at least once chance to replead to attempt to overcome pleading deficiencies unless the defects are clearly incurable, or the plaintiff is unwilling or unable to amend the pleading in a manner that will avoid dismissal. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("[A] court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted.")

**B.     Deficiencies in Plaintiff's Defamation Claims**

Plaintiff's defamation claims are based on 1) allegations of a false, defamatory statement titled "final warning" published by Frost Bank, through communications between the assigned Software Quality Assurance Analyst and Frost Bank's upper management, describing Plaintiff as

"threatening," "uncooperative and intimidating," and 2) allegations of other false, defamatory statements by Frost Bank and its employees, which were made in and related to Plaintiff's court proceedings for misdemeanor trespass. (Plf. Orig. Pet. [#1] at 11-12.)

Defendant argues that the defamation claim based on the final warning that was issued to Plaintiff on August 3, 2018 is time barred. (Def. Mtn. to Dismiss [#14] at 8-9.)  Defamation claims are subject to a one-year statute of limitations under Texas law. *See* Tex. Civ. Prac. & Rem. Code § 16.002.  Plaintiff filed suit on December 3, 2019, which is four months after the expiration of the one-year statute of limitations for the alleged defamatory final warning statement.  Thus, based on the current pleadings, it appears that any defamation claim based on the final warning Plaintiff received is time-barred.

Plaintiff maintains the final warning was actually "published" to a third party in June 2019 during Plaintiff's criminal trial, and thus the statute of limitations for the defamation claim was not triggered until that time.  (Plf. Resp. in Opp. [#14] at 12-13.)  But even  if it were true that the defamatory statement was published in June 2019 instead of August 2018,  Plaintiff cannot base a defamation claim on the publication of a statement made in the course of judicial proceedings.   Under Texas law, an absolute privilege extends to publications made in the course of judicial proceedings, including "any statement made by the judge, jurors, counsel, parties or witnesses . . . whether statements are made in open court or any of the pleadings or other papers in the case." *James v. Brown*, 637 S.W.2d 914, 916-917 (Tex. 1982). Therefore, Plaintiff cannot base his defamation claim on the final warning statement, even if it were published during the court proceeding.

In support of his defamation claim, Plaintiff also identifies other allegedly defamatory statements made in and related to his court proceedings for misdemeanor trespass. (Plf. Orig. Pet.

[#1] at 11-12.) These statements are also privileged and cannot serve as a basis of Plaintiff's defamation claim. Plaintiff argues that the alleged defamatory statements made by Frost Bank during trial are not privileged as a matter of law when the intent is malicious. (Plf. Resp. in Opp. [#14] at 13.) But under Texas law, communications in the course of judicial proceedings cannot serve as the basis of a civil action, regardless of the negligence or malice with which they are made. *See James*, 637 S.W.2d at 916 (citing *Reagan v. Guardian Life Insurance Co.*, 140 Tex. 105, 166 S.W.2d 909 (1942)).

Accordingly, Plaintiff's defamation claims appear to be either time-barred or precluded because they are based on privileged statements. In his Amended Complaint, Plaintiff may abandon these claims or attempt to cure the pleading deficiencies.

**C.   Deficiencies in Plaintiff's IIED Claim**

Plaintiff asserts an IIED claim based on the actions of Defendant's employees and Defendant Frost Bank's off-duty police officer on the day of Plaintiff's arrest. (Plf. Orig. Pet. [#1] at 12-13.) To state a claim of IIED, a plaintiff must plead that: 1) a defendant acted intentionally or recklessly; 2) its conduct was extreme and outrageous; 3) its actions caused plaintiff emotional distress; and 4) that emotional distress was severe. *See Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004) (citing *Standard Fruit & Vegetable Co. v. Johnson,* 985 S.W.2d 62, 65 (Tex.1998)). Defendant argues that Plaintiff has not pleaded sufficient facts on two elements of IIED— 1) Defendant's "extreme and outrageous" conduct and 2) Plaintiff's severe distress as a result of such conduct.

First, Defendant challenges the adequacies of Plaintiff's allegations pleaded in support of the second element of his IIED claim. To adequately plead the second element an IEID claim, a plaintiff must allege conduct that is "so outrageous in character, and so extreme in degree, as to

6

go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).  Here, Plaintiff alleges that the conduct was extreme and outrageous because Defendant "forcefully ordered" him to vacate the premises and that Frost Employees instructed the off-duty police officer to "pull Plaintiff from his car and then beat and injured him" causing him to "suffer physical injuries." (Plf. Orig. Pet. [#1] at 12-13.) Notably, the consequences the Defendant causes must be emotional distress, not physical injury, or some other tortious injury. *See Standard Fruit & Vegetable Co.*, 985 S.W.2d at 67–68.

"Extreme and outrageous" is a high hurdle. *See Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001) (citing *Brewerton v. Dalrymple,* 997 S.W.2d 212, 216 (Tex.1999)) ("The mere fact that a defendant's conduct is tortious or otherwise wrongful does not, standing alone, necessarily render it extreme and outrageous.").  But even if Plaintiff's pleadings arguably meet this threshold, they suffer from another potential defect.  Namely, the facts Plaintiff pleaded in support of the IIED claim are identical to the facts he pleaded in support of his assault claims. IIED is a gap-filler tort and is only available to a plaintiff who has no other remedy; "where the gravamen of a plaintiff's complaint is another tort, [IIED] should not be available." *Hoffman-La Roche Inc.*, 144 S.W.3d  at 447.  To the extent that Plaintiff is complaining about conduct that would meet the "extreme and outrageous" standard that is distinct from his assault allegations, he should make that clear in his Amended Complaint.

Defendant also challenges the adequacy of Plaintiff's pleadings in support of the fourth element of his IIED claim.  To adequately plead the fourth element, a plaintiff is required to allege facts that would support the claim that he suffered emotional distress "so severe that no reasonable person could be expected to endure it." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 618

(Tex.1999). Emotional distress includes painful emotional and mental reactions, such as embarrassment, fright, horror, grief, shame, humiliation, and worry. *See Id.* Plaintiff claims that the "extreme and outrageous conduct obviously caused [plaintiff] extreme emotional distress," Defendant "vigorously pursued a false trespassing charge" against him, and that to cope with the false charges, "plaintiff has severely suffered for more than one year and will be suffering for the rest of his life." (Plf. Orig. Pet. [#1] at 12-13.) These allegations of severe emotional distress are conclusory and lack supporting facts as to the nature of the emotional distress. More specific factual allegations are required to support this claim. *See, e.g., Salazar v. H.E.B. Grocery Co., LP*, No. 04-16-00734-CV, 2018 WL 1610942, at *4 (Tex. App.—San Antonio 2018, pet. denied.) (affirming dismissal of an IIED claim under Texas Rule of Civil Procedure 91a because the plaintiff did not present any "allegations of the frequency or severity of his symptoms [and] no allegations that he sought counseling or medical treatment for his symptoms"). Plaintiff has not sufficiently pleaded facts to support his claim that he suffered from severe emotional distress. Plaintiff may attempt to cure these pleading deficiencies in his Amended Complaint.

D.     **Deficiencies in Plaintiff's Assault Claim**

Defendant argues that Plaintiff's assault claim should be dismissed because the off-duty police officer, who Plaintiff alleges assaulted him, was acting in his official capacity as a police officer not as an employee of Frost Bank when the alleged assault occurred during Plaintiff's arrest. (Def. Mtn. to Dismiss [#12] at 12-13.) Under Texas law, "an off-duty police officer's employer is not vicariously liable for the acts of the officer if the officer was acting in her public capacity at the time, she 'committed the acts for which the complaint [was] made.'" *Williams v. Dillard's Dep't Stores, Inc.*, 211 F.App'x. 327, 329 (5th Cir. 2006) (quoting *Mansfield v. C.F. Bent Tree Apartment Ltd. P' ship*, 37 S.W.3d 145, 150 (Tex. App.—Austin 2001, no pet.)). This

is true "even though the employer may have directed the activities." *Id*.  "Where an officer is performing a job incident to enforcing the public laws, he is acting in the course and scope of his employment as a police officer even if the private employer directed him to perform the duty." *Larkin v. Johnson*, 44 S.W.3d 188, 189 (Tex. App.—Houston [14th Dist.] 2001, pet. denied.). "If an off-duty officer observes a crime, as a matter of law, he becomes an on-duty officer for purposes of determining whether or not the private employer is vicariously liable for the officer's actions." *Morgan v. City of Alvin*, 175 S.W.3d 408, 417 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Plaintiff concedes he was assaulted by an off-duty police officer employed as private security by Frost Bank, while that officer was arresting Plaintiff for criminal trespass. (Plf. Orig. Pet. [#1] at 6-7.)   Accordingly, the officer in this case was acting in his capacity as an on-duty police officer when he arrested Plaintiff for criminal trespass and the employer cannot be held vicariously liable for the officer's actions.  Thus, to the extent Plaintiff's assault claim is based on the officer's actions, it cannot proceed.

However, it appears that Plaintiff may be alleging that others were involved in his alleged assault.  Plaintiff alleges that "Defendant, by and through their Employees and retained police officer, did intentionally, knowingly, or recklessly cause bodily injury to plaintiff by beating him to the ground and continuing to assault him." (Plf. Orig. Pet. [#1] at 15.)  The allegations are vague and unclear as to who Plaintiff alleges committed the assault; specifically, Plaintiff alleges "the Employee instructed the SAPD to remove plaintiff from his vehicle," "plaintiff was pulled from his vehicle and subsequently beaten at the direction of Frost Employees Landin, Gonzalez, and Officer," and "on Frost Employees and Officer's instructions, the plaintiff was unlawfully handcuffed, taken into police custody." (Plf. Orig. Pet. [#1] at 7.)  If Plaintiff intends to pursue

9

his assault claim, in his Amended Complaint he should specify who he contends assaulted him and who directed or authorized the assault. Otherwise, his assault claim is subject to dismissal.

**E.     Deficiencies in Plaintiff's *Sabine Pilot* Retaliatory Discharge Claim**

In the original petition, Plaintiff brought a claim for retaliatory discharge against Defendant based upon *Sabine Pilot Service, Inc. v. Hauck*, alleging he was "fired for the sole reason of his decision not to perform illegal action." (Plf. Orig. Pet. [#1] at 10.) Under Texas law, there is an exception to Texas's employment-at-will doctrine, "which permits suits for wrongful termination where the employee was terminated for refusal to perform illegal acts." *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003). To establish a prima facie case of wrongful termination under the doctrine of *Sabine Pilot*, the plaintiff must prove that: 1) he was required to commit an illegal act which carries criminal penalties; 2) he refused to engage in the illegality; 3) he was discharged; and 4) the sole reason for his discharge was a refusal to commit an unlawful act. *See White*, 319 F.3d at 676 (citing *Sabine Pilot Services, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985)). Defendant moves to dismiss Plaintiff's *Sabine Pilot* retaliatory discharge claim arguing that 1) a *Sabine Pilot* claim cannot be plead as an alternative theory of wrongful discharge and thus is precluded, and 2) Plaintiff has failed to plead facts that establish the elements of a cause of action under *Sabine Pilot*.

Defendant, citing *Guthrie v. Tifco Industries,* 941 F.2d 374, 379 (5th Cir.1991), argues that Plaintiff cannot pursue both a retaliatory discharge claim under *Sabine Pilot* and claims that he was wrongfully discharged in violation of Title VII and the ADEA. Defendant is right. According to the Fifth Circuit, "[u]nder Texas law, an employee who alleges wrongful discharge for refusing to perform a criminal act cannot advance additional [wrongful discharge] claims." *Pease v. Pakhoed Corp*., 980 F.2d 995, 997 n.1 (5th Cir. 1993) (quoting *Guthrie* and

noting that it is "determinative"); *Guthrie*, 941 F.2d at 379 ("Because the refusal to perform an illegal act must be the sole reason for the plaintiff's discharge, Guthrie's claims of age discrimination and wrongful discharge are mutually exclusive."). Hence, in his Amended Complaint, Plaintiff must choose a lane: he can either pursue wrongful discharge claims under Title VII and the ADEA or under *Sabine Pilot*—but not both.

Plaintiff should note, however, that his *Sabine Pilot* claim suffers from another pleading defect. As stated previously, the *Sabine Pilot* exception to Texas's employment-at-will doctrine protects an employee who is discharged for the sole reason that the employee refused to perform an illegal act. *See White*, 319 F.3d at 676 (citing *Sabine Pilot Services*, 687 S.W.2d at 733). "This narrow exception applies only to employees discharged for refusing to perform acts that carry criminal penalties." *See Guthrie*, 941 F.2d at 379-80. In his pleading, Plaintiff states that he "consistently warned his superiors of the illegal nature of the work he was required to do," that he "refused to make the omissions that violated federal laws," and that the "sole reason he was discharged was for his refusal to perform the illegal programming, systems architecture, application security and compliance, and information technology work." (Plf. Orig. Pet. [#1] at 10-11.) Plaintiff failed to allege facts that support his assertion that the work he was required to do was an illegal act that carried criminal penalties.

### III.  Defendant's Partial Motion to Dismiss

As noted above, the Fifth Circuit ordinarily requires that plaintiffs be given an opportunity to replead. *See Great Plains Trust Co.,* 313 F.3d at 329 ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the Court that they are unwilling or unable to amend in a manner that will avoid dismissal."). In this case, given the

deficiencies identified by Defendant in its motion and described in this Order, the Court will also order Plaintiff to file an Amended Complaint to attempt to cure the deficiencies described in this Order within fourteen (14) days.  Plaintiff is warned that failure to file an amended pleading by the deadline imposed in this Order could result in dismissal of the deficient claims.  Because Plaintiff is ordered to file an Amended Complaint, Defendant's Partial Motion to Dismiss [#14] is dismissed as moot without prejudice.  Defendant may file a motion to dismiss Plaintiff's Amended Complaint if it fails to cure the current pleading's deficiencies or if it has new defects.

## IV.  Defendant's Motion to Strike

The Court will also dismiss as moot Defendant's Motion to Strike [#17].  The motion identifies various portions of Plaintiff's Opposition to Frost Bank's Partial Motion to Dismiss [#14] that are allegedly immaterial, impertinent, and scandalous and asks the Court to strike these portions of the pleading under Rule 12(f).  Rule 12(f) allows this Court to strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are generally disfavored, and the Court has broad discretion to determine whether the challenged matter should be stricken.  *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1058 (5th Cir. 1982).  In light of the order to file an amended pleading, the Court will dismiss Defendant's motion to strike as moot.  Plaintiff is cautioned that only the allegations contained in his Amended Complaint, and not responses in this or any other motion filed by Defendant, will be considered in evaluating the legal sufficiency of the pleadings his Amended Complaint.

## V.  Conclusion and Orders

Having considered Defendant's motions and responses, Plaintiff's pleadings and responses, the relevant law, and the entire case file, in accordance with the foregoing, the Court now enters the following orders:

**IT IS ORDERED** that Plaintiff **FILE** an Amended Complaint to cure the above deficiencies with regard to his existing causes of action **on or before June 9, 2020**.

**IT IS FURTHER ORDERED** that Frost Bank's Partial Motion to Dismiss [#14] is **DISMISSED AS MOOT WITHOUT PREJUDICE TO REFILING** if Plaintiff's Amended Complaint does not cure some or all of the pleading deficiencies identified in this Order or to address other pleading defects.

**IT IS FURTHER ORDERED** that Plaintiff's "Sur-Reply to Frost Bank's Distorted/Untimely Reply to Plaintiff's Opposition to Motion to Dismiss" [#21] be struck.  Any factual detail included in the sur-reply should instead be included in the Amended Complaint.

**IT IS FINALLY ORDERED** that Defendant's Motion to Strike [#17] be **DISMISSED AS MOOT.**

SIGNED this 26th day of May, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE