IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VINAY YADAV, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:20-CV-00005-FB-ESC |
| FROST BANK, | § § § | |
| Defendant. | § | |

## **DEFENDANT'S MOTION FOR SANCTIONS**

NOW COMES Defendant Frost Bank ("Frost" or "Defendant"), and files this Motion for Sanctions ("Motion") against Plaintiff Vinay Yadav ("Plaintiff") and respectfully shows the Court as follows:

### I.  INTRODUCTION

Frost moves under Fed. R. Civ. P. 11 for an order sanctioning Plaintiff for violating this Court's May 29, 2020 instructions directing Plaintiff to cease improper service of pleadings on Frost and its representatives. During the May 29, 2020 pre-trial conference, counsel for Frost informed the Court of Plaintiff's persistent refusal to serve Frost's retained counsel as required under Fed. R. Civ. P. 5(b) and of his continued service on Frost's in-house attorneys and multiple Frost executives. The Court advised Plaintiff of the proper process for serving Frost and ordered Plaintiff to serve all future pleadings on counsel for Frost.

Despite the Court's instructions, on June 9, 2020, Plaintiff improperly served multiple Frost employees, including CEO Phil Green, with a copy of his First Amendment to Original Petition ("Amended Petition") (Doc. 38). On July 6, 2020, Plaintiff served many of these same individuals with his Opposition to Frost Bank's Second Motion to Dismiss ("Response") (Doc. 41). Plaintiff's actions are a willful violation of the Court's directions and serve to harass

Frost and waste the Court's resources. Frost asks that the Court sanction Plaintiff pursuant to its inherent powers and fashion an appropriate remedy to prevent Plaintiff from continuing to abuse the litigation process.

## II. ARGUMENTS AND AUTHORITIES

The Court has the inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." Fed. R. Civ. P. 11(b)(3); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Further, Plaintiff's *pro se* status does not offer him an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Courts do not "allow liberal pleading rules and *pro se* practice to be a vehicle for abusive documents." *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978). Accordingly, sanctions are necessary here because absent relief from the Court, Plaintiff will likely continue to ignore this Court's orders and improperly serve Frost employees with additional pleadings.

**A.  This Court Ordered Plaintiff to Properly Serve Frost's Retained Counsel.**

As noted above, on May 29, 2020, the Court informed Plaintiff of his obligation under the Federal Rules of Civil Procedure to properly serve Frost's counsel of record. *See* Ex. A, Hearing Transcript. The Court then ordered all future service by Plaintiff to be served accordingly. *Id.* In particular, counsel for Frost informed the Court of Plaintiff's prior violations of Fed. R. Civ. P. 5 and asked the Court to order Plaintiff to cease these violations going forward by stating:

> Your Honor, the only point I would raise, and this is a discussion I've had with Mr. Yadav both by email and by phonecall, is he continues to contact our clients and serve pleadings. . . . [on] Mr. Banack an in-house attorney for Frost Bank. He is our point of contact. Despite my requests to Mr. Yadav, he has ignored them. And instead of serving Mr. Romero and myself, he serves everything on

Mr. Banack. And I would respectfully ask the Court to direct him to follow the federal rules and serve us as Frost's attorneys and avoid making any contact with Mr. Banack.

*Id.* at 15:15-25. The Court responded to this request and advised Plaintiff:

[Frost counsel] have entered an appearance. On my docket -- they are showing up on the public docket as the attorneys for Frost Bank. Once a company picks their attorney -- even if they have an in-house attorney, once they pick their attorney for the purposes of a particular lawsuit, the law says you're no longer allowed to contact the client.

*Id.* at 16:20-25. The Court then ordered Plaintiff to "only contact [Frost] attorneys, who are Mr. Romero and Mr. Barrera. That's just the rules." *Id.* at 17:1-3. The Court further cautioned Plaintiff stating: "[Y]ou would be violating the Court's orders if you continue to contact anybody other than these attorneys about this case." *Id.* at 19:7-9. Plaintiff acknowledged that he understood the Order. *Id.* at 21:16-20.

**B.     Plaintiff Violated the Order by Serving Frost Directly.**

On June 9, 2020, Plaintiff served his Amended Petition on Mr. Banack, Phillip Green (Chairman and Chief Executive Officer), and four other Frost employees. *See* Ex. B, Notification of Service dated June 9, 2020. Similarly, on July 6, 2020, Plaintiff served a copy of his Response on many of these same individuals. *See* Ex. C, Notification of Service dated July 6, 2020. Based on Plaintiff's actions, it is undisputed that Plaintiff violated this Court's Order. Service of the Amended Petition and his Response in violation of Rule 5 and the Court's clear directives demonstrates that Plaintiff's violation was intentional and will likely continue without further Court involvement and appropriate sanction.

**C.     This Court Should Sanction Plaintiff For Willfully Violating the Court's Order.**

Plaintiff's willful service on multiple Frost employees in violation of the Court's Order is harassing. To help mitigate the impact from Plaintiff's violations and to ensure that Plaintiff does not disregard the Court's orders moving forward, Defendant requests that this Court

sanction Plaintiff.  Frost should not be required to bear the costs associated with seeking to enforce the Court's Order and Plaintiff's repeated disregard for the Federal Rules of Civil Procedure.  As such, Frost requests that the Court sanction Plaintiff in the amount of $500.00, which represents only a portion of the fees and costs sustained by Frost in bring this matter to the Court's attention.  *See* Ex. D, Declaration of Mario A. Barrera.

WHEREFORE, Defendant Frost Bank respectfully requests that the Court grant its Motion for Sanctions, enter an order granting all appropriate relief to deter Plaintiff from continuing to engage in wasteful and harassing conduct in the future, and grant Frost all further and additional relief to which it may be justly entitled.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP


By: */s/ Mario A. Barrera*
    Mario A. Barrera
    State Bar No. 01805915
    mario.barrera@nortonrosefulbright.com
    Stephen J. Romero
    Texas Bar No. 24046756
    stephen.romero@nortonrosefulbright.com
Frost Tower
111 W. Houston Street , Suite 1800
San Antonio, Texas 78205
Telephone: (210) 224-5575
Telecopier: (210) 270-7205

Counsel for Defendant
Frost Bank

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of July, 2020, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record and/or parties:

Vinay Yadav
8807 Heath Circle Dr.
San Antonio, Texas 78250
*Pro se* Plaintiff

                                            */s/ Mario A. Barrera*
                                            Mario A. Barrera