IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VINAY YADAV, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-00005-FB-ESC |
| vs. | § § | |
| FROST BANK, | § § § | |
| *Defendant.* | § § | |

### ORDER

Before the Court in the above-styled and numbered cause of action is *pro se* Plaintiff's Motion for Permission to File Electronically in the Fifth Circuit [#64]. On January 8, 2020, this cause of action was referred to the undersigned for all pretrial proceedings pursuant to Local Rule CV-72 and Appendix C of the Local Rules of the United States District Court for the Western District of Texas and 28 U.S.C. § 636(b) [#5]. For the reasons set forth below, the Court will dismiss Plaintiff's Motion for Permission to File Electronically in the Fifth Circuit.

Plaintiff Vinay Yadav ("Plaintiff"), proceeding *pro se*, originally filed this case in the 288th Judicial District Court of Bexar County, Texas on December 3, 2019 against his former employer, Defendant Frost Bank ("Defendant"). (Orig. Pet. [#1] at 5.) This case was removed to federal court on January 3, 2020 based on federal question jurisdiction over the Title VII and ADEA claims in Plaintiff's Original Petition. Defendant thereafter filed a motion to dismiss [#12]. This Court subsequently ordered Plaintiff to file an Amended Complaint curing the deficiencies in his Original Petition [#34], and Defendant filed a Motion to Dismiss the Amended Complaint [#40].

1

In addressing Defendant's Motion to Dismiss, this Court found that Plaintiff largely failed to cure the deficiencies in his Original Petition and recommended that the District Court dismiss all claims asserted in Plaintiff's Amended Complaint, except for Plaintiff's state law assault claim [#58].  The District Court accepted this Court's Recommendation and remanded the remaining state law assault claim back to the 288th Judicial District Court of Bexar County [#60].

Subsequent to the District Court's order, Plaintiff filed a Notice of Appeal [#62] in which he outlines his objections to this Court's Recommendation and the District Court's Order.  One week later, Plaintiff filed a Motion for Permission to File Electronically in the Fifth Circuit [#64].  In his motion, Plaintiff asks the Court for permission to register for electronic filing and noticing with the Fifth Circuit.

This Court is not able to grant permission for a party to file electronically with or receive electronic notifications from the Fifth Circuit.  Therefore, this Court directs Plaintiff to petition the Fifth Circuit directly for electronic access to the Fifth Circuit's filing system.[1]

**IT IS SO ORDERED** that Plaintiff's Motion for Permission to File Electronically in the Fifth Circuit [#64] is **DISMISSED**.

SIGNED this 13th day of January, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT, *Electronic Noticing and Filing Options Available to Pro Se Parties*, https://www.ca5.uscourts.gov/docs/default-source/forms/pro-se-filer-instructions (last visited Jan. 13, 2021).